## WILSON *v.* RANDOLPH

No. 2786

December 10, 1927. 261 P. 654.

1. ESTOPPEL—PARTITION, PLEADING.
    In action for partition, where plaintiffs claimed by assignment under decree of distribution from one whom they, as attorneys, had defended against charge of murder, demurrer to defendant's affirmative defense that plaintiffs, by interposing plea of insanity on behalf of client, had estopped themselves from asserting validity of the assignment, was properly sustained, since alleged defense failed to show that defendant was affected, or had acted in reliance on such conduct or representation of plaintiffs to his prejudice.

2. EXECUTORS AND ADMINISTRATORS—PARTITION, PLEADING.
    In action for partition, where plaintiffs claim by assignment through decree of distribution by probate court, demurrer to affirmative defenses that insane man cannot make valid contract and that murderer cannot inherit his victim's estate was properly sustained, since such defenses constituted collateral attack on decree of distribution, which cannot be made; decree being conclusive when no appeal is taken, and it does not appear that court lacked jurisdiction.

3. DESCENT AND DISTRIBUTION—MURDERER MAY INHERIT FROM VICTIM.
    In action for partition, defendant's allegations that plaintiffs' right was based on purchase, from client convicted of murdering mother, of interest in estate which client inherited from mother on her death, if true, *held* not to defeat plaintiffs' right, since right of inheritance is civil right, and, under Rev. Laws, 6278, providing that conviction of crime shall not work forfeiture of property or interest therein, client's interest was subject to conveyance within 6072, 6080.

### C. J.-CYC. REFERENCES

DESCENT AND DISTRIBUTION—18 C. J. sec. 5, p. 808, n. 16; sec. 77, · p. 843, n. 63.
    ESTOPPEL—21 C. J. sec. 261, p. 1249, n. 62.
    EXECUTORS AND ADMINISTRATORS—24 C. J. sec. 1400, p. 528, n. 99; sec. 1402, p. 531, n. 20; sec. 1404, p. 532, n. 29.

APPEAL from Second Judicial District Court, Washoe County; *Frank T. Dunn,* Judge.

Action by Wayne T. Wilson and L. B. Fowler against Jewett Randolph for partition. Judgment for plaintiffs, and defendant appeals. **Affirmed.**

*A. Grant Miller,* for Appellant:

Trial court erred in sustaining demurrer and granting motion to strike, whereby appellant's separate, affirmative defense was taken away from him and he was left without any defense whatever. His denials in answer were without value in face of decree of distribution, since his affirmative defense was out of case.

Answer may contain statement in ordinary and concise language of any new matter constituting defense of counterclaim. Rev. Laws, 5046.

In partition, respective claims may be put in issue; counterclaim filed for that purpose is proper. Ferris v. Reed, 87 Ind. 123. Cross bill is not necessary where dismissal is sought. German v. Machin, 6 Paige, 288.

Paragraph in answer in partition suit setting up claim for title to whole land is good on demurrer. Schafer v. Schafer, 68 Ind. 374. In instant case appellant denied respondents' claim in toto and then, in separate defense set up equitable grounds which, if true, would defeat their claim in toto. Appellant had right to have such defense determined. Law and equity may be administered in same action. Const. art. vi, sec. 14; Lucich v. Medin, 3 Nev. 99.

Defendant may set forth by answer as many defenses as he has. Rev. Laws, 5050. It was incumbent on him only to show wherein respondents' title was defective. They must show partition; they are entitled to contest plaintiff's claim. 20 R. C. L. 729.

Plaintiff must depend on strength of his own title. If appellant had made good on trial as to his separate defense, no partition could have been made. He was entitled to have it tried.

Probate court is one of limited jurisdiction. It did not have right to determine equitable title of Jewett Randolph to whole of estate. This is not collateral attack on judgment. It is affirmative defense involving same subject matter.

Rose v. Treadway, 4 Nev. 455, does not state all

the law. It is right as far as it goes, but if defendant seeks only dismissal he need not plead cross complaint at all.

*Wilson and Fowler, pro se:*

Complaint alleged that real estate involved in partition suit was distributed to plaintiffs and defendant by probate court. Defendant did not deny this. There was no appeal from decree of distribution.

Defendant undertook to set up affirmative defense by alleging facts in criminal case foreign to this action. So-called affirmative defense was attempt to plead cross complaint and should have been pleaded fully. Rose v. Treadway, 4 Nev. 455. Any complaint or cross complaint should have major and minor premises from which conclusion of law can be drawn. Defendant plead John Randolph is lawful son of Lily Randolph. This is major premise. Then, that Lily Randolph is deceased, as minor premise. Statute of descent, Rev. Laws, 3370, provides if there be no surviving husband or kindred except one child, all property shall go to that child. If there be more than one child, estate shall be divided equally between them. This statute applied to major and minor premises compels court to draw but one conclusion—that John Randolph did inherit from his mother. No other conclusion is possible.

Trial court did not strike affirmative defense; it denied motion to strike. Defendant had right to amend answer but did not do so. He went to trial on general issue and abandoned so-called affirmative defense.

The insufficient affirmative defense was collateral attack upon judgment and decree of probate court, which is not permitted. 34 C. J. 518. Collateral attack can be sustained only when judgment is absolutely void for want of jurisdiction, and not when court erred in some ruling. Daly v. Lahontan Mines Co., 39 Nev. 21; 34 C. J. 511.

## OPINION

By the Court, DUCKER, J.:

This action was brought for partition of certain lots of land situated in Reno, Nevada, alleged to be owned and possessed by the parties as tenants in common, or for the sale of the common property and a division of the proceeds between the parties according to their rights.

It is alleged in the complaint that plaintiffs have an estate by purchase in said property to the extent of an undivided one-fourth each, in the fee thereof, and that the defendant has an estate of inheritance to the extent of an undivided one-half interest in the fee thereof. It is also alleged that said real estate was a part of the estate of Lily Randolph (sometimes known as Lou Randolph) ; that said estate was closed on the 27th day of August, 1926, by a decree of distribution and by such decree distributed to the parties to this action in the proportion of interest stated; that the property is left without any proper management; and that said property consists of a rooming house, and, without proper management the interest of plaintiffs, as well as defendant, is in danger of being lost or materially injured. The allegations of ownership by the plaintiffs, and possession as tenants in common of an undivided one-half interest in the property, and the purchase thereof, are denied in the answer. It is alleged therein, as constituting affirmative defenses, that one John Randolph, who is the lawful son of said Lily Randolph, deceased, killed his mother on the 30th day of June, 1925; that he was thereafter convicted of murder of the first degree for such offense and sentenced to be put to death; that the Supreme Court of the State of Nevada affirmed said conviction and sentence, and thereafter the Nevada state board of pardons commuted the sentence of death to life imprisonment; and that the said John Randolph is now confined in the Nevada state prison for life. It is also set out that plaintiffs, as attorneys for said John

H. Randolph, conducted his defense upon his trial for the murder of said Lily Randolph on the ground that he was an insane person and asserted and maintained that he was an insane man, and, by reason thereof, are now estopped from setting up and maintaining the alleged assignment from him to them, and that the said assignment is null and void for the reason that an insane man cannot make a valid contract. It is further alleged that said John H. Randolph is not entitled to inherit any part of the estate of Lily Randolph, deceased, for the reason that he murdered said deceased, and a murderer cannot inherit his victim's estate.

A demurrer was interposed to the affirmative defenses on the ground that they did not state facts sufficient to constitute a defense, and on the further ground of uncertainty. The demurrer was sustained on the former ground and overruled on the latter. A trial was had and judgment rendered in favor of plaintiffs, wherein it was adjudged that plaintiffs were the owners and seized in fee of an undivided one-half interest in said property, and that defendant was the owner and seized in fee of an undivided one-half interest therein, and that a referee be appointed with full power to sell the property at public auction and distribute the proceeds under the direction of the court as provided by law. A motion for a new trial was made and denied. From the order denying the motion for a new trial, and from the judgment, this appeal is taken.

1. Defendant insists that the matter set out in his affirmative defenses, to which demurrer was sustained for insufficiency of facts, constituted equitable defenses, which he had a right to plead, and which, if proven, would defeat plaintiffs' claim of title to an undivided one-half interest in the property, and right to partition.

Plaintiffs claim title through the decree of distribution, and that their right to such distributive share of the estate of Lily Randolph was acquired by purchase. That the real estate in question was, by the decree of distribution made by the probate court, distributed to

the parties as alleged, is not denied in the answer. We are of the opinion that estoppel to claim title under this decree was not sufficiently alleged in the answer, for the reason that it does not appear therefrom how defendant was in any way affected by plaintiffs' defense of John H. Randolph in the trial for murder on the ground of insanity, or their assertion that he was an insane man. It is not alleged in the attempted plea of estoppel that defendant acted in reliance on such conduct or representations of plaintiffs to his prejudice. The demurrer was therefore properly sustained as to the plea of estoppel.

2. The other matters set out as affirmative defenses, namely, that an insane person cannot make a valid contract, and that a murderer cannot inherit his victim's estate, clearly constitute a collateral attack upon the decree of distribution, which cannot be made if the probate court had jurisdiction to make such decree. 11 R. C. L. pp. 184, 185–380; 24 C. J. 532. The decree of the probate court adjudging to the distributees their respective shares, is as conclusive as a decree in chancery, or the judgment of a court at law. 11 R. C. L. p. 184.

The same presumptions are to be indulged in its favor as must be accorded to the judgment of all courts of record. No appeal was taken from the decree of distribution and it does not appear wherein the court was lacking in jurisdiction.

3. Plaintiffs' right to take under the decree an undivided one-half interest in the estate of Lily Randolph is based upon purchase from her son, John H. Randolph. The court was authorized to find that he inherited an undivided one-half interest in the estate of his mother, even though the facts were true, as alleged in the answer, that he killed her and was subsequently convicted of her murder and sentenced to death. The right of inheritance is a civil right existing by virtue of law, and the legislature has not provided that any of those facts shall deprive one of such right of inheritance. He therefore became vested with his

interest in the estate immediately upon the death of his mother, and was not divested of that interest by his subsequent conviction of murder. Section 6278, Rev. Laws. This section provides, in part, as follows:

"A conviction of crime shall not work a forfeiture of any property, real or personal, or of any right or interest therein."

As John Randolph's interest in the estate of his mother was the subject of conveyance (sections 6072, 6080, Rev. Laws), the court had authority on final distribution to distribute it to plaintiffs by reason of such conveyance.

The question of the latter's capacity to convey must be presumed to have been duly adjudicated by the decree of distribution.

The judgment is affirmed.