475 P.2d 508

In the Matter of the ESTATE OF Elsa M. GRISWOLD, Deceased.

Francis H. GRISWOLD, Appellant,

v.

Russell N. GRISWOLD, Edward C. Griswold, and Nancy C. Clothier, individually, and Russell N. Griswold, as administrator of the Estate of Elsa M. Griswold, Deceased, Appellees.

Nos. I CA–CIV 1100, I CA–CIV 1101.

Court of Appeals of Arizona, Division 1.

Oct. 19, 1970.

Rehearing Denied Nov. 13, 1970.

Francis H. Griswold, in pro. per.

Earl Platt, St. Johns, for appellees.

KRUCKER, Judge.

These consolidated appeals present for review two probate court orders: (1) An

order refusing to revoke letters of administration, and (2) an order denying a petition to probate the decedent's will.

Briefly, the procedural chronology is as follows. On January 28, 1966, Russell N. Griswold filed a petition for letters of administration. The petition alleged the death of Elsa M. Griswold on October 4, 1965, her residency in Apache County at the time of death, and an estate in Apache County of approximately $80,000. It incorporated by reference thereto a certain property settlement agreement dated September 4, 1965, by and between appellant and the decedent, and alleged that the value and character of the decedent's property was as set forth and described in this agreement. It further recited, on information and belief, that an instrument entitled "Last Will and Testament" of Francis H. Griswold and Elsa M. Griswold existed and was in the custody of the Apache County Superior Court clerk but that it had never been produced or offered for probate.

The petition also alleged that appellant was charged with the decedent's murder, that the property settlement agreement constituted a revocation of the will, and that because of these circumstances the decedent died intestate. Notice of a hearing on the petition was given to appellant and the three adult children of appellant and decedent. A hearing was duly held at which appellant was present with counsel, at the conclusion of which it was ordered that upon the petitioner taking the oath and furnishing bond in the sum of $20,000, letters of administration would be issued. On February 28, 1966, a formal, written order appointing Russell N. Griswold as administrator was entered which recited *inter alia* that Elsa M. Griswold died intestate. Letters of administration were issued on March 2, 1966.

On March 18, 1966, appellant plead guilty to the charge of second-degree murder of

Elsa M. Griswold. His conviction and sentence were affirmed by the Arizona Supreme Court on January 25, 1967. *See,* State v. Griswold, 101 Ariz. 577, 422 P.2d 693 (1967).[1]

On February 16, 1967, the appellant filed a petition for probate of will. The petition alleged that the decedent, Elsa M. Griswold, left a will dated March 23, 1963 in possession of the Apache County Superior Court clerk and requested that the clerk be ordered to produce the will at the time and place set for hearing on the petition. The petition also alleged that appellant was legally disqualified to act as executor of said will and requested the appointment of a named nominee to act as administrator *cum testamento annexo.*

On February 27, 1967, appellant filed a petition for revocation of the letters of administration previously issued to Russell N. Griswold on the grounds that:

(1) The administrator had failed to and refused to perform those acts required by law to close the estate and petition for distribution of assets of the estate in a diligent manner and

(2) That the administrator was an adverse party to appellant and had negligently delayed closing the decedent's estate.

The appellees filed opposition to both petitions, the matters were consolidated for hearing, and at the conclusion of the hearing at which both sides presented testimonial and documentary evidence, both petitions were denied.

As to the petition for revocation, the trial court specifically found that the petition failed to allege any facts showing that appellant had any interest in the probate proceedings of the estate of Elsa M. Griswold, and that the evidence presented did not show sufficient cause for revocation of the letters of administration.

---

1. A subsequent attack on the constitutional adequacy of the procedures at the time of acceptance of the guilty plea was likewise unsuccessful. *See,* State v. Griswold, 105 Ariz. 1, 457 P.2d 331 (1969).

As to the order denying probate of the will, the trial court made express findings of fact and conclusions of law. It found that the contestants [appellees] were the sons and daughter of the decedent and appellant, that on March 23, 1963 the decedent and appellant executed a joint and mutual will, that on the fourth day of September, 1965, appellant and decedent entered into a property settlement agreement providing for division of their community property, acknowledging their marital differences and providing that they live separate and apart. This property settlement was not consummated insofar as the division of property therein provided with the exception of one item.

The court further found that appellant deliberately killed and murdered the decedent on October 4, 1965, that letters of special administration had been issued to Russell N. Griswold, and on May 9, 1966, a decree approving the account and report of the special administrator was entered.

The court found that appellant and his attorney were in court, after proper notice thereof, at the hearing on the petition for letters of administration, that no objections were filed thereto, that the letters were issued and that Russell N. Griswold, since the date of issuance, performed the duties required of him as administrator. It further found that although appellant at all times had full knowledge of the existence of the joint and mutual will, he failed to take any steps to offer it for probate until February 16, 1967, after appellate affirmance of his conviction and sentence. It was additionally found that from the time he was informed against for murder until he filed the petition for probate, appellant had executed various documents and letters indicating that he made no claim under the will.

The trial court concluded that appellant was precluded from receiving the benefits under the will[2] because of the felonious killing of his spouse, that his acts and conduct in failing to object to the adminis-

tration proceedings in the estate of Elsa M. Griswold and his allowing the administration to proceed and function without objection, and his act in disclaiming any benefits under the will until after the affirmance of his sentence, estopped him from attempting to maintain the validity of the will or claim any interest or legacy pursuant to the terms thereof. The court further concluded that since there were no other legal beneficiaries under the will, the will should not be admitted to probate.

■ Since the trial court's findings of fact have not been demonstrated to be "clearly erroneous", we accept them as true and limit our consideration to the conclusions of law.

Courts are not in agreement as to whether a slayer may obtain and keep the benefits derived by him as a result of his crime. A number of cases have held that, in the absence of statute, he may. E. g., Hagan v. Cone, 21 Ga.App. 416, 94 S.E. 602 (1917); Wall v. Pfanschmidt, 265 Ill. 180, 106 N.E. 785 (1914); Wilson v. Randolph, 50 Nev. 371, 261 P. 654 (1927); Johnston v. Metropolitan Life Ins. Co., 85 W.Va. 70, 100 S.E. 865 (1919); In re Duncan's Estates, 40 Wash.2d 850, 246 P.2d 445 (1952). The chief reason assigned for this view is that as the statutes of descent and distribution contain no exception barring a murderer from taking, courts should not imply one. *See,* Atkinson on Wills § 37, p. 154.

In a second group of decisions, the opposite result has been reached—the slayer has been denied the right to take by intestacy or will. In these cases, recovery has been denied largely upon the broad ground that one should not be permitted to take advantage of his own wrong. Some proceed upon the theory that the murderer takes no legal title to the property. Weaver v. Hollis, 247 Ala. 57, 22 So.2d 525 (1945); Price v. Hitaffer, 164 Md. 505, 165 A. 470 (1933); Annot., 36 A.L.R.2d 960, 963. Other cases assume that legal title passes to him but impress a trust *ex maleficio.* Pritchett v. Henry, 287

2. In effect, each spouse was the sole beneficiary of the entire estate of the other spouse.

S.W.2d 546 (Tex.Civ.App.1955); Garner v. Phillips, 229 N.C. 160, 47 S.E.2d 845 (1948); Welch v. Welch, Del.Ch., 252 A.2d 131 (1969); In re Wilson's Will, 5 Wis.2d 178, 92 N.W.2d 282 (1958); Whitfield v. Flaherty, 228 Cal.App.2d 753, 39 Cal.Rptr. 857 (1964).[3]

 Here, the trial court apparently concluded that since appellant was not entitled to benefit from his own wrong and since he was the sole beneficiary under the will, the decedent's entire estate passed as intestate property. Under the circumstances of this case, we find no error in the ruling.

As a further basis for denying the petition for probate, the trial court concluded that appellant was estopped from procuring probate of the will by virtue of his conduct. It has been held that a person, by his conduct, may estop himself from subsequently procuring probate of a will. Dowd v. Dowd, 62 Idaho 631, 115 P.2d 409 (1941); In re Stoball's Will, 211 Miss. 15, 50 So.2d 635 (1951); 57 Am.Jur. Wills § 794.

Appellant was the only beneficiary under the will and therefore was the only one who could have been materially interested in presenting it for probate. He, however, for a period of approximately one and one-half years, misled the probate court—he made no objection to the finding of intestacy in the February 28, 1966 order appointing Russell N. Griswold as administrator; on July 25, 1966, he filed a document requesting enforcement of the property settlement agreement; and he disclaimed in writing any interest in his deceased wife's estate. Under these circumstances it was appropriate for the trial court to conclude that it would be unfair to permit appellant to repudiate the course he had pursued in these estate proceedings which indicated that he did not recognize the validity of the will. We believe that

appellant's actions since his wife's death with reference to the will deprived him of any equitable standing.

We can summarily dispose of the appeal from the order refusing to revoke the letters of administration. It is a prerequisite to appellate jurisdiction of this court that the appellant be a party aggrieved by the order from which the appeal is taken. Farmers Insurance Group v. Worth Insurance Co., 8 Ariz.App. 69, 443 P.2d 431 (1968). In order to be "aggrieved" by the order, there must be a denial of some personal or property right. Since appellant has no personal or pecuniary interest in his deceased wife's estate, he does not have the requisite appealable interest. Consequently, the appeal from the order refusing to revoke the letters of administration is dismissed. The order denying the petition for probate of will is affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.

---

3. At least one treatise writer finds the constructive trust theory most satisfactory, pointing out that it avoids the dubious practice of reading implied exceptions into the statutes of descent and distribution.

G. Bogert, The Law of Trusts and Trustees § 478 (2nd Ed. 1960). The Restatement also adopts this view. *See,* Restatement of Restitution § 187 (1937).