**520**

617 P.2d 28

Toni M. BOWSLAUGH, as surviving mother of Maureen and Karen Bowslaugh, deceased, for and on behalf of herself, individually, and on behalf of Jeanne Bowslaugh and Laura Bowslaugh, surviving sisters of Maureen and Karen Bowslaugh, deceased, Appellants,

v.

Alan P. BOWSLAUGH, Appellee.

No. 1 CA–CIV 4049.

Court of Appeals of Arizona, Division 1, Department B.

Aug. 7, 1979.

Rehearing Denied Sept. 14, 1979.
Review Granted Oct. 10, 1979.

Treon, Warnicke, Dann & Roush, P. A. by B. Michael Dann, Michael J. Valder, Phoenix, for appellants.

Shimmel, Hill, Bishop & Gruender, P. C. by Charles A. Finch, Susan R. Bolton, Phoenix, for appellee.

## OPINION

SCHROEDER, Presiding Judge.

This is an appeal from the trial court's dismissal of a wrongful death action. The principal issue concerns whether an action may be maintained against a parent for the wrongful death of a child.

The case arises out of a fire allegedly caused by the negligence of the appellee, Alan P. Bowslaugh, in assembling and installing certain lamps in the master bedroom of the Bowslaugh home. The fire took the lives of two of the appellee's four daughters. The deceased children were survived by their parents and two sisters.

This appeal raises two principal issues. The first is the propriety of the trial court's dismissal of the claim filed against appellee by and on behalf of appellant, Toni Bowslaugh, appellee's wife and the mother of the deceased children. The second is whether the trial court erred in refusing to permit an amendment of the complaint to allege a cause of action by the personal representative of the decedents' estates for the benefit of those estates. We hold that the trial court correctly dismissed the action maintained by Mrs. Bowslaugh, but erred by refusing to allow the personal representative of the estates to maintain the wrongful death action on behalf of the children's estates.

Any discussion of suits involving parents and children in Arizona must begin with our Supreme Court's decision in *Streenz v. Streenz*, 106 Ariz. 86, 471 P.2d 282 (1970), abolishing the doctrine of parental immunity. The Court there weighed the various arguments advanced in support of immunity, including the disturbance of domestic tranquility, the danger of fraud and collusion, and the possibility that the parent might indirectly benefit from his or her own negligence. The Court rejected these arguments in favor of permitting compen-

sation for the consequences of negligent conduct.

The difference between this case and *Streenz*, which appellee deems to be determinative, is that the children here died, and the action is therefore not for personal injuries but for wrongful death. Our statutes provide for a wrongful death cause of action in every case in which the injured party would have had a cause of action if death had not ensued. A.R.S. § 12–611. Appellees contend, however, that under our wrongful death statute there is no proper party to maintain this action. With respect to parties plaintiff, our wrongful death statute, § 12–612(A), provides:

> An action for wrongful death shall be brought by and in the name of the surviving husband or wife or personal representative of the deceased person for and on behalf of the surviving husband or wife, children or parents, or if none of these survive, on behalf of the decedent's estate.

Since the deceased children were not survived by spouses, their mother filed a complaint as the surviving parent. Appellees correctly argued that Mrs. Bowslaugh was not a proper party to bring suit against her husband because, although the doctrine of blanket parental immunity has been abolished, our courts have retained the doctrine of interspousal immunity. *Burns v. Burns*, 111 Ariz. 178, 526 P.2d 717 (1974); *Huebner v. Deuchle*, 109 Ariz. 549, 514 P.2d 470 (1973). That doctrine is partially based upon Arizona law that damages for personal injuries suffered by either spouse are community property. *Heimke v. Munoz*, 106 Ariz. 26, 470 P.2d 107 (1970); *Silvestri v. Hurlburt*, 26 Ariz.App. 243, 547 P.2d 514 (1976). The negligence of one spouse is imputed to the other in order to prevent the negligent spouse from benefiting by his wrongful act. *Muhammad v. United States*, 366 F.2d 298 (9th Cir. 1966), *cert. denied*, 386 U.S. 959, 87 S.Ct. 1029, 18 L.Ed.2d 108 (1967); *Tinker v. Hobbs*, 80 Ariz. 166, 294 P.2d 659 (1956). Moreover, since the negligence in this case arose out of an activity for the benefit of the communi-

ty, the property of the community would be subject to liability. *Cook v. Cook*, 26 Ariz. App. 163, 547 P.2d 15 (1976); *Garrett v. Shannon*, 13 Ariz.App. 332, 476 P.2d 538 (1970). *See also Hays v. Richardson*, 95 Ariz. 64, 386 P.2d 791 (1963), *modified*, 95 Ariz. 263, 389 P.2d 260 (1964).

We therefore agree with appellee that this action may not be maintained by Mrs. Bowslaugh. Further, we do not believe that Alan Bowslaugh's renunciation of his interest in any recovery by Mrs. Bowslaugh is sufficient to remove the infirmities inherent in a suit by one spouse against another on a community obligation. *Tinker v. Hobbs, supra*; *Kesler v. Pabst*, 43 Cal.2d 254, 273 P.2d 257 (1954).

■ We cannot, however, accept appellee's argument that the action may not be maintained for the benefit of the children's estates. Specifically, appellee argues that a wrongful death action may only be brought for the benefit of the decedent's estate if no other statutory beneficiary has survived. Acceptance of that theory would lead to the illogical conclusion that a parent is liable for his negligence if a child merely suffers injuries, but escapes liability if the child dies. Appellee advances no policy justification for such a result. More importantly, it is directly contrary to the stated purpose of A.R.S. § 12–611 to provide a cause of action for wrongful death in any case in which the victim would have had a cause of action if he had lived. Appellee cites no cases denying the pursuit of a wrongful death action when an action for personal injuries could have been maintained if the victim had survived.

The list of statutory beneficiaries of a wrongful death action is not restricted to surviving spouses, children and parents. A.R.S. § 12–612. Rather, the statute contemplates that in the absence of these named parties the action may be brought for the behalf of the decedent's estate. We cannot agree with appellee's theory that because in this case there is in a literal sense, a "surviving parent," the wrongful death action vanishes due to the surviving mother's inability to sue the negligent par-

**522**

ty. Taken to its logical conclusion, appellee's position would not even permit a wrongful death action in this case if the mother had perished along with her two children, since the defendant father would still be a surviving parent and, of course, unable to sue himself.

Given the decision of our Supreme Court in *Streenz v. Streenz, supra,* abolishing parental immunity, and given the fact that our wrongful death statute was designed to prevent causes of action from being cut off by death, a cause of action must be available against a parent for the wrongful death of a child. If the parents themselves do not have the capacity to bring the action, then it should be permitted on behalf of the children's estates. Our decision is consistent with the prevailing rule that the negligence of one or more statutory beneficiaries should not bar recovery by another non-negligent beneficiary. *See Town of Flagstaff v. Gomez,* 23 Ariz. 184, 202 P. 401 (1921); 1 Speiser, *Recovery for Wrongful Death 2d,* § 5:8. However, since neither parent is entitled to bring this action directly, neither should be permitted to benefit from it indirectly through distribution of any proceeds of the action from the decedents' estates.

The dismissal of the complaint brought by and in behalf of the appellant, Toni Bowslaugh, is affirmed. The matter is remanded to permit amendment of the complaint to allege claims by the personal representative on behalf of the decedents' estates.

FROEB and JACOBSON, JJ., concur.