617 P.2d 25

Toni M. BOWSLAUGH, as surviving mother of Maureen and Karen Bowslaugh, deceased, for and on behalf of herself, Individually, and on behalf of Jeanne Bowslaugh and Laura Bowslaugh, surviving sisters of Maureen and Karen Bowslaugh, deceased, Appellants,

v.

Alan P. BOWSLAUGH, Appellee.

No. 14545–PR.

Supreme Court of Arizona, En Banc.

Nov. 19, 1979.

Judgment of trial court affirmed. Opinion of Court of Appeals vacated.

---

Treon, Warnicke, Dann & Roush, P. A. by B. Michael Dann and Michael J. Valder, Phoenix, for appellants.

Shimmel, Hill, Bishop & Gruender, P. C. by Charles A. Finch and Susan R. Bolton, Phoenix, for appellee.

HAYS, Justice.

Appellee Alan P. Bowslaugh petitioned this court for review of the Court of Appeals decision in *Bowslaugh v. Bowslaugh*, 126 Ariz. 520, 617 P.2d 28 (App.1979). We take jurisdiction under A.R.S. § 12–120.24 and Rules of Civil Appellate Procedure, rule 23, and hereby vacate the opinion of the Court of Appeals.

Appellant Toni M. Bowslaugh sued her husband under A.R.S. § 12–612, alleging that negligence on his part resulted in a fire that took the lives of two of their four daughters. The trial court held that appellant could not sue her husband due to the doctrine of interspousal immunity. *Schwartz v. Schwartz*, 103 Ariz. 562, 447 P.2d 254 (1968).

Appellant then moved to amend the complaint to allow the personal representative of the decedents' estates to sue appellee on behalf of the estates. Strictly construing the list of beneficiaries in A.R.S. § 12–612(A), the trial court refused to allow the amendment.

■ Since we agree that the wife is barred from recovery for the negligence of her husband due to the doctrine of interspousal immunity, we need decide a single question. When either or both parents survive but are ineligible beneficiaries, may the personal representative be allowed to sue in behalf of the decedents' estates?

The statute in question, A.R.S. § 12–612(A), reads as follows:

"An action for wrongful death shall be brought by and in the name of the surviving husband and wife or personal representative of the deceased person for and on behalf of the surviving husband or wife, children or parents, or *if none of these survive*, on behalf of the decedent's estate." (Emphasis added.)

In *Solomon v. Harman*, 107 Ariz. 426, 430–31, 489 P.2d 236, 240–41 (1971), we had occasion to interpret this same subsection:

"The estate, then, is a beneficiary only if none of those named beneficiaries survive. The result of the 1956 amendment

was to provide alternative benefits to either the named beneficiaries or the estate. As we previously stated:

'There are two distinct proceedings under our wrongful–death statutes. One is a claim for damages to the survivors; the other is for damages to the estate.' *In Re Estate of Milliman*, 101 Ariz. 54, 59, 415 P.2d 877, 882 (1966).

"Therefore, an action for wrongful death may be brought by a proper party for and on behalf of the following only:

1. surviving husband or wife,
2. children,
3. parents,
4. or *if none of the above survive* the estate of the decedent.

   .     .     .     .     .

"It is clear that the legislature intended that as long as there existed a *surviving spouse, child or parent*, then brothers, sisters, cousins, . . . and others should not recover any amount or to have their loss be a measure of the damages for the wrongful death.

   .     .     .     .     .

"Such is the rationale assumed in our recognition of the return to the 1887 members–of–the–family recovery noted in *Milliman*, supra. *Such distinctions between classes we find to be both cognizable and rationally considered by the legislature.*" (Emphasis added.)

■ When dealing with a legislative enactment clear on its face, we must construe the words according to their ordinary meaning unless it appears from context or otherwise that a different meaning should control. *State v. Arnett*, 119 Ariz. 38, 579 P.2d 542 (1978); A.R.S. § 1–213.

■ To adopt appellant's position would require that we change the statute by judicial fiat to read as follows:

"An action for wrongful death shall be brought by and in the name of the surviving husband or wife or personal representative of the deceased person for and on behalf of the surviving husband or wife, children or parents, or if none of these survive, [*or if all of these are ineligible,*] on behalf of the decedent's estate."

The addition of such a phrase, however benevolent the intent, would be an infringement upon the province of the legislature. In *Padilla v. Industrial Commission*, 113 Ariz. 104, 106, 546 P.2d 1135, 1137 (1976), we stated:

The most basic rule of statutory construction is that in construing the legislative language, courts will not enlarge the meaning of simple English words in order to make them conform to their own peculiar sociological and economic views. *Kilpatrick v. Superior Court*, 105 Ariz. 413, 466 P.2d 18 (1970). And this is true even though the interpretation which the court renders is harsh and uncompassionate. . . . Equally fundamental is the presumption that what the Legislature means it will say."

The legislature has unequivocally declared that only "if none of these survive . . ." may suit be brought on behalf of the estate.

■ Here, the parents survive the decedents–regardless of their lack of legal capacity either to bring suit or to recover as beneficiaries. A cause of action for wrongful death is purely statutory in origin and we must adhere to the plain language of the statute, leaving any deficiencies or inequities to be corrected by the legislature. *Lueck v. Superior Court, County of Cochise*, 105 Ariz. 583, 469 P.2d 68 (1970).

The judgment of the trial court is affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.