845 P.2d 491

In the Matter of the Estates of Ruth Ann SPEAR, Brian David Spear and Eric Andrew Spear, deceased.

William H. ROBERTS, Personal Representative, Petitioner–Appellee,

v.

Walter William SPEAR, the husband and father of the deceased, Claimant–Appellant.

No. 1 CA–CV 90–0612.

Court of Appeals of Arizona, Division 1, Department B.

July 21, 1992.

As Corrected July 28, 1992.

Review Denied Feb. 17, 1993.

Walter William Spear, pro se.

Amelia D. Lewis, Sun City, for petitioner-appellee.

## OPINION

CLABORNE, Judge.

In 1988, Walter William Spear ("appellant") murdered his wife and two sons. He pled no contest to first-degree murder of his wife and children. In late 1988, the brother of the deceased wife was appointed personal representative of the estates and there was a finding that all three had died intestate. In due course, the personal representative filed an "inventory and appraisement" which reflected a number of assets held in joint tenancy with appellant, and a number of other assets which were not identified as joint tenancy, community or separate property.

There was some correspondence between appellant and the attorney for the personal representative concerning the property of the parties and its character. The personal representative filed a petition for an order of complete settlement of the estates of the three decedents. The petition informed the court of the conviction and sentences of the appellant on the three first-degree murders, and alleged that under Ariz.Rev.Stat. Ann. ("A.R.S."), section 14–2803 (Supp. 1991), "said WALTER W. SPEAR is not entitled to any benefits of the estates of said three decedents, formerly his wife and two sons, and said intestate estates pass as if WALTER W. SPEAR had predeceased the decedents." [1] The petition also alleged that under A.R.S. section 14–2803(C), appel-

---

1. A.R.S. section 14–2803 provides in pertinent part:

A. A spouse, heir or devisee who kills the decedent under circumstances constituting a violation of § 13–1103, subsection A, paragraph 2 or 3, 13–1104 or 13–1105 is not entitled to any benefits under the will or under this chapter [A.R.S. sections 14–2101 through 14–2902 on intestate succession and wills], and the estate of the decedent passes as if the killer had predeceased the decedent....

B. Any joint tenant who kills another joint tenant under circumstances constituting a violation of § 13–1103, subsection A, paragraph 2 or 3, 13–1104 or 13–1105 thereby effects a severance of the interest of the decedent so that the share of the decedent passes as his property and the killer has no rights by survivorship....

C. A named beneficiary of a bond, life insurance policy or other contractual arrangement who kills the principal obligee or the person upon whose life the policy is issued under circumstances constituting a violation of § 13–1103, subsection A, paragraph 2 or 3, 13–1104 or 13–1105 is not entitled to any benefit under the bond, policy or other contractual arrangement, and it becomes payable as though the killer had predeceased the decedent.

D. Any other acquisition of property or interest by the killer shall be treated in accordance with the principles of this section.

lant was not entitled to the proceeds of any insurance policies on the wife's life, but that under subsection B of the statute he was entitled to receive an undivided one-half interest in the joint tenancy assets. In pleadings before the probate court the appellant claimed that his share of the community property should pass to him in his own right as owner, not as heir. The personal representative claimed that A.R.S. section 14–2803 mandated that all of the community property should go to the wife's estate.

The probate court held that appellant was not entitled to any life insurance proceeds, that he was entitled to his undivided one-half interest in the joint tenancy property, and he was not entitled to his claimed share in the community property. The appellant timely appealed. The appellant raises the following four issues on appeal:

1. Whether the trial court erred in allocating the distribution of funds from a joint account in the names of appellant and his deceased wife at the Pentagon Federal Credit Union;

2. Whether the trial court erred in charging against appellant the entire cost of cleaning the couple's residence preparatory to its sale;

3. Whether the trial court erred in failing to assign to appellant his own share of the couple's community property; and

4. Whether the trial court erred in allocating the distribution of the estates' assets.

We have jurisdiction pursuant to A.R.S. section 12–2101(J) (Supp.1991).

*The Three Issues Dealing With Distribution of Assets.*

■ Appellant's issues 1, 2 and 4 challenge certain details of distribution of assets. In the personal representative's petition to settle the estate, the distribution challenges were clearly set forth. However, appellant only contended that he was entitled to his share of the community property. None of the challenges which he now urges on appeal were made in the probate court. Moreover, contrary to appellant's contention in his reply brief, he cannot effectively create a basis for these contentions in the record by attaching to his opening brief documents that were never filed in the probate court. New exhibits cannot be introduced on appeal to secure reversal. *See Crook v. Anderson,* 115 Ariz. 402, 565 P.2d 908 (App.1977). Appellant's reliance on *Bischofshausen v. Pinal–Gila Counties Air Quality Control Dist.,* 138 Ariz. 109, 673 P.2d 307 (App.1983), is mistaken. There the exhibits attached to the appellants' opening brief had been filed in the trial court with appellants' opposition to the motion to dismiss, and were properly considered part of the record on appeal.

■ It is settled in Arizona that unless an issue not raised in the trial court is one of general statewide significance, an appellate court will not consider it for the first time on appeal. *Schoenfelder v. Arizona Bank,* 165 Ariz. 79, 796 P.2d 881 (1990); *Jennings v. Roberts Scott & Co.,* 113 Ariz. 57, 546 P.2d 343 (1976); *Sahf v. Lake Havasu City Ass'n for the Retarded and Handicapped,* 150 Ariz. 50, 721 P.2d 1177 (App.1986). Appellant's issues 1, 2 and 4 are not of general statewide significance, and we do not consider them.

*Disposition of Community Property*

■ We must agree with appellant that he is entitled to his share of the community property. At his wife's death, appellant already owned an undivided one-half interest in their community property, A.R.S. section 25–211 (1991), and her death did not, and could not, change this. On a person's death, only the separate property and the share of community property pass by succession. A surviving spouse's share of community property is subject to administration for payment of community claims, but otherwise is not a part of the deceased spouse's estate. A.R.S. section 14–3101(A) (Supp.1991). *See In re Foreman's Estate,* 99 Ariz. 147, 407 P.2d 102 (1965) (title to surviving spouse's interest in community real property is immediately vested); *In re Monaghan's Estate,* 71 Ariz. 334, 227 P.2d 227 (1951) (survivor of marital community takes one-half of community property in his own right as owner and not as heir).

■ Contrary to the personal representative's contention, A.R.S. section 14-2803 does not supersede these settled principles. A.R.S. section 14-2803(A) operates to deprive a killer only of benefits he would otherwise take under the victim's will or the laws of intestate succession, *see* A.R.S. sections 14-2101, 14-2102 (1975). A.R.S. section 14-2803(A) does not deem the killer to have predeceased the victim for all purposes. It provides only that *"the estate of the decedent* passes as if the killer had predeceased the decedent." (Emphasis added.) A.R.S. section 14-1201(13) (Supp. 1991), provides:

> "Estate" means all of the property of the decedent, trust or other person whose affairs are subject to this title as originally constituted and as it exists from time to time during administration. *In the case of a husband or wife, the estate includes only the separate property and the share of the community property belonging to the decedent or person whose affairs are subject to this title.*

(Emphasis added.) A.R.S. section 14-2803 prevents appellant from inheriting his wife's separate property or her share of the community property, but has no legal effect on appellant's *own* share of the community property.

■ Subsection D of A.R.S. section 14-2803 does not change the analysis. It provides: "Any other *acquisition* of property or interest by the killer shall be treated in accordance with the principles of this section." (Emphasis added.) Appellant did not "acquire" his share of the couple's community property from his deceased wife's estate. He already owned it before she died. The probate court erred in declining to assign that share to appellant.

The personal representative's reliance on *In re Estate of Griswold,* 13 Ariz.App. 218, 475 P.2d 508 (1970) is misplaced. There the killer-husband was the sole beneficiary of his wife's will. The court held that because the husband was not entitled to benefit from his own wrong, "the decedent's entire estate passed as intestate property." 13 Ariz.App. at 221, 475 P.2d at 511. In *Griswold* there was no claim that the same rationale also caused a forfeiture of the killer-husband's *own* share of community property—presumably because, as in this case, that share never became part of the deceased wife's estate.

Reversed and remanded for proceedings consistent with this opinion.

JACOBSON, P.J., and GARBARINO, J., concur.