91 P.3d 1007

In re the Matter of STATE of Arizona, ex rel., DEPARTMENT OF ECONOMIC SECURITY (Linda Dann), Petitioner–Appellee,

v.

Jack HAYDEN, Respondent–Appellant.

No. 1 CA–CV 03–0036.

Court of Appeals of Arizona, Division 1, Department D.

June 8, 2004.

---

Terry Goddard, Attorney General by Bernadette Antaki Michaud, Assistant Attorney General, Phoenix, Attorneys for Petitioner–Appellee.

Jeff C. Jackson, Attorney at Law by Jeff C. Jackson, Phoenix, Attorney for Respondent–Appellant.

## OPINION

THOMPSON, Presiding Judge.

¶ 1 Jack Hayden (Father) appeals from the trial court's denial of his petition to terminate the State of Arizona's collection of child support arrearages. For the following reasons, we affirm.

1. The child reached the age of majority in 1995.

2. Section 25–503(I) has been redesignated as A.R.S. § 25–503(H). Because the substance was

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 In 1977, Linda Dann (Mother) gave birth to a baby girl in Phoenix, Arizona. In 1980, Mother filed a "petition to establish paternity and for child custody order to show cause." The trial court ordered that Mother retain temporary custody of the child and that Father pay $150 per month in temporary child support beginning January 1, 1981. Father responded to the petition, admitted paternity, and requested that custody be awarded to him. After a hearing regarding modification of custody, the trial court took the matter under advisement.

¶ 3 The parties subsequently stipulated that Mother would remain the custodial parent and that Father would pay $150 per month in child support beginning February 15, 1981. The trial court issued a final order to this effect, requiring Father to immediately pay $225 in child support arrearages and to pay $75 every two weeks beginning February 15, 1981.

¶ 4 On October 29, 1984, the Arizona Department of Economic Security (ADES) filed a request to file an assignment of rights to support on the child's behalf. According to the request, ADES was providing public assistance to Mother and child in the form of Aid to Families of Dependent Children (AFDC), and Mother had accordingly assigned the child's right to child support to the State.[1]

¶ 5 On June 5, 2002, Father filed a petition for order to show cause seeking to terminate child support arrearages collection efforts pursuant to the applicable statute of limitations, Arizona Revised Statutes (A.R.S.) section 25–503 (2000). The State filed a response to the petition, arguing that, although A.R.S. § 25–503(I)[2] "cut[ ] off access to courts for enforcement of debt" after a period of time, the statute "d[id] not extinguish the underlying debt," which remained redeemable through various administrative remedies.

unchanged, and the trial court and parties refer to the statute as A.R.S. § 25–503(I), so will we.

¶ 6 The trial court held oral argument, during which Father argued that, because no formal written judgment for arrearages had been filed, under A.R.S. § 25–503 the right to child support terminated three years following the child's emancipation. The State contended that Federal Title IV–D permits a state to collect arrearages "by any administrative remedies available until all arrearages are paid, with or without a written judgment." The trial court took the matter under advisement.

¶ 7 On November 19, 2002, the trial court issued a judgment, concluding that A.R.S. § 25–503 did not prohibit the State from continuing its administrative collection efforts. The trial court therefore denied Father's request to terminate State collection of child support arrearages. Father filed a timely notice of appeal. We have jurisdiction pursuant to A.R.S. § 12–2101(B) (2003).

## DISCUSSION

¶ 8 We review de novo the trial court's decision in the instant case because it presents an issue of statutory interpretation. *State v. Huskie*, 202 Ariz. 283, 285, ¶ 4, 44 P.3d 161, 163 (App.2002). In denying Father's request to terminate State collection of child support arrearages, the trial court concluded that, regardless of the limitations period provided in A.R.S. § 25–503(I), "State and Federal law permit administrative collection activities to be initiated against an Obligor who is behind in child support payments without regard to the statute of limitations." In support of its decision, the trial court cited A.R.S. § 25–516 (2000), which provides for a lien by operation of law on property owned or acquired by an obligor, and A.R.S. § 25–521 (2000), which establishes a right of ADES to issue a levy and collect the amount of child support arrearages owed by an obligor if the amount equals twelve months of support. Finally, citing *Guthmiller v. North Dakota Dep't of Human Servs.*, 421 N.W.2d 469 (N.D.1988), the trial court concluded that the relevant federal law, 42 U.S.C. § 664 (2003), enabled the State to intercept tax refunds for past due support.

¶ 9 In appealing the trial court's order, Father argues that A.R.S. § 25–503(I) is dis-positive. He also cites *Huskie* in support of his contention that the statute of limitations bars any recovery. In *Huskie*, the trial court issued a written judgment awarding child support arrearages to a child's mother more than three years after the child became emancipated. 202 Ariz. at 284, ¶ 1, 44 P.3d at 162. The father appealed, arguing that the court's judgment was statutorily time barred under A.R.S. § 25–503(I). *Id.* On appeal, the court agreed with the father, stating that, under A.R.S. § 25–503(I), unpaid child support judgments that have not been reduced to written judgments expire within three years of the emancipation of the child in question. *Id.* at 285, ¶ 6, 44 P.3d at 163. In addition, the court noted that "we may not judicially alter the clear wording of . . . statutes to avoid their force and effect." *Id.* at 286, ¶ 11, 44 P.3d at 164.

¶ 10 In its answering brief, the State asserts that, although entry of a written judgment by a court can be time barred by the statute of limitations, A.R.S. § 25–503(I), the debt that underlies the judgment cannot. Accordingly, although an obligee could not judicially pursue the recovery of child support arrearages not timely reduced to a written judgment by a court, administrative remedies would not necessarily be time barred. We agree.

¶ 11 Section 25–503(I) specifies that "[e]ach vested child support installment is enforceable as a final judgment by operation of law." Furthermore, according to the statute, "[u]nless it is reduced to a written money judgment, an unpaid child support judgment that became a judgment by operation of law expires three years after the emancipation of the last remaining unemancipated child who was included in the court order." A.R.S. § 25–503(I). Thus, the statute provides only that if a written money judgment is not filed within the limitations period, the judgment expires by operation of law. The statute does not address the cancellation of the actual debt underlying the court's judgment.

¶ 12 There is a legal distinction between the terms "judgment" and "debt." "A judgment is . . . . an 'act of a court which fixes clearly the rights and liabilities of the

respective parties to litigation and determines the controversy at hand.' " *In re Marriage of Zale*, 193 Ariz. 246, 249, ¶ 10, 972 P.2d 230, 233 (1999) (quoting *Wolf Corp. v. Louis*, 11 Ariz.App. 352, 355, 464 P.2d 672, 675 (1970)). By contrast, a "debt" is simply an amount owed. *See Woodward v. Chirco Constr. Co., Inc.*, 141 Ariz. 520, 525, 687 P.2d 1275, 1280 (App.1984). Although the statute of limitations regarding a judgment can expire, the underlying debt continues. *De Anza Land & Leisure Corp. v. Raineri*, 137 Ariz. 262, 266, 669 P.2d 1339, 1343 (App. 1983).

¶ 13 Therefore, absent statutory specification as to the accompanying extinguishment of the underlying debt, the running of the statute of limitations on a judgment does not preclude the State from implementing its own administrative remedies in seeking to recoup an amount owed. *Cf. Dobbs v. Russell*, 347 S.W.2d 796, 798 (Tex.Civ.App.1961) ("Where the statute by its terms, or by necessary implication, absolutely extinguishes the debt or demand itself, and makes limitation of time an essential element of the cause of action, the debt is discharged and not merely the remedy to enforce collection of the debt."), *aff'd*, 163 Tex. 282, 354 S.W.2d 373 (1962) (citation omitted). Because the statute in question does not address extinguishment of the debt itself, we hold that the debt is not automatically canceled along with the termination of the judgment.

¶ 14 As previously noted, Father cites *Huskie* in support of his argument that the State can no longer recover the debt in question. The holding in *Huskie*, however, is inapplicable to the instant case. The *Huskie* court held only that A.R.S. § 25–503(I) precluded a private right of action under a trial court's non-final order. 202 Ariz. at 284, ¶ 1, 44 P.3d at 162. The *Huskie* court did not address the right of the State to continue to exercise its administrative methods of collection of child support arrearages following the running of the statute of limitations.

¶ 15 Moreover, under A.R.S. § 25–501(E) (2000), "[r]emedies provided by this chapter are cumulative and do not affect the availability of remedies under other law." In addition, A.R.S. § 46–401 (1997) explains:

It is the public policy of this state that parents shall be responsible for the support of their dependent children in order to relieve or avoid the burden often borne by the general citizenry through public assistance programs. The existing remedies pertaining to family desertion and nonsupport of dependent children may be augmented by the additional remedies as provided in this chapter, which are directed to the resources of the parents. These remedies are intended to be additional to those provided under existing law.

These statutes emphasize that remedies other than those provided in Title 25 (Marital and Domestic Relations) are available for the collection of child support arrearages and set forth the public policy reason behind multiple methods of recovery. The Arizona Attorney General has also noted the complementary roles of the executive and judicial branches in recouping child support arrearages, stating: "The executive branch ... has the power to decide what legal remedy should be invoked to ... enforce child support orders. . . . The judiciary has the power to determine factual disputes and to enter orders once its jurisdiction has been invoked by the filing of a pleading." Op. Ariz. Att'y Gen. I92–003.

¶ 16 Both public policy and substantive law compel the determination that extinguishing a court's judgment does not necessarily terminate a comparable administrative right to recovery. Although there is no Arizona case directly on point, ample and persuasive law supports our decision. In *Guthmiller*, for example, the North Dakota Supreme Court reversed a court order prohibiting the State Department of Human Services from intercepting an absent father's income tax refunds to reimburse the government for AFDC monies expended for the benefit of the father's natural child. 421 N.W.2d at 470–71. The applicable statute of limitations had run on the judgment ordering the father to pay child support. *Id.* at 471. The court explained, however, that "[a]pplication of a statute of limitations ... operates only to bar the remedy and does not extinguish the debt or affect remedies other than the one to which it applies." *Id.* at 473 (citations omitted). Also, in *In re A.D.*, 73 S.W.3d 244, 249

(Tex.2002), the Texas Supreme Court explained that "statutes providing time limits within which enforcement of an existing support liability may be effected concern the court's continuing enforcement jurisdiction and do not affect substantive rights." *See also* Melinda H. Eizten et al. *Family Law: Parent and Child,* 56 SMU L.Rev. 1707, 1717 (2003) ("The court [in *In re A.D.*] stated that administrative writs do not place new liability on an obligor to pay child support and, therefore, do not violate the Texas Constitution."). Similarly, in *Bednarek v. Bednarek,* 430 N.W.2d 9, 12 (Minn.Ct.App.1988), the Minnesota Court of Appeals held that a ten-year statute of limitations regarding the collection of judgments for arrearages by court action did not apply to the use of the administrative remedy of tax intercepts. Finally, in a closely related case, *Gerrard v. United States Office of Educ.,* 656 F.Supp. 570, 573 (N.D.Cal.1987), the court held that a federal statute of limitations did not bar the use of tax intercepts to offset delinquent student loan payments. The court concluded that "[t]he use of the phrase 'action for money damages' indicates that the [time] bar applies to judicial, not administrative, proceedings, as does the requirement that the government 'file a complaint' within six years." *Id.* Accordingly, we hold that A.R.S. § 25–503(I) can preclude untimely judicial recovery but cannot prohibit parallel administrative recoupment of the underlying debt.

## CONCLUSION

¶ 17 For the foregoing reasons, we affirm the trial court's order denying Father's petition to terminate the State's administrative collection of child support arrearages.

CONCURRING: .LAWRENCE F. WINTHROP and JOHN C. GEMMILL, Judges.