SUPREME COURT OF ARIZONA
En Banc

| | | |
|---|---|---|
| In re the Matter of: | ) | Arizona Supreme Court |
| | ) | No. CV-04-0303-PR |
| STATE OF ARIZONA, ex rel., | ) | |
| DEPARTMENT OF ECONOMIC SECURITY | ) | Court of Appeals |
| (Linda Dann), | ) | Division One |
| | ) | No. 1 CA-CV 03-0036 |
| Petitioner-Appellee, | ) | |
| | ) | Maricopa County |
| v. | ) | Superior Court |
| | ) | No.  DR139604 |
| JACK HAYDEN, | ) | |
| | ) | **O P I N I O N** |
| Respondent-Appellant. | ) | |
| | ) | |
| _____ | ) | |

Appeal from the Superior Court in Maricopa County
The Honorable Raymond P. Lee, Judge Pro Tempore

**REVERSED AND REMANDED**

---

Opinion of the Court of Appeals, Division One
208 Ariz. 164, 91 P.3d 1007

**VACATED**

---

TERRY GODDARD, ATTORNEY GENERAL                          Phoenix
      By   Kathryn Harris Kupiszewski,
           Assistant Attorney General
Attorneys for the State of Arizona

LAW OFFICES OF JEFF C. JACKSON                           Phoenix
      By   Jeff C. Jackson

And

BURCH & CRACCHIOLO, P.A.                                 Phoenix
      By   Daryl Manhart
Attorneys for Jack Hayden

LAW OFFICES OF PAUL G. ULRICH, P.C.                          Phoenix
      By   Paul G. Ulrich

And

LAW OFFICES OF MELINDA K. CEKANDER                    Flagstaff
      By   Melinda K. Cekander
Attorneys for Amicus Curiae James Michael Pacheco

LAW OFFICES OF BILL SPENCE, LTD.                          Chandler
      By   Brian K. Stanley
Attorneys for Amici Curiae Kevin Le Clair and Tony Russell
_____

**H U R W I T Z**, Justice

¶1       Arizona law provides that each installment under a child support order becomes "enforceable as a final judgment by operation of law" when it comes due.   Ariz. Rev. Stat. ("A.R.S.") § 25-503(H) (Supp. 2004).   Either the party entitled to receive the installment or the Arizona Department of Economic Security ("ADES") may file a request for a formal written judgment for support arrearages no later than three years after the emancipation of all of the children who were the subject of a child support order.   A.R.S. § 25-503(I).   Once obtained, such a written judgment is "exempt from renewal and . . . enforceable until paid in full."   *Id*.   If no written judgment for support arrearages is timely requested, however, "an unpaid child support judgment that became a judgment by operation of law expires" at the end of that three-year period.   A.R.S. § 25-503(H).

¶2     Arizona law also assigns to the State the right to the support of a child and spouse who receive assistance under certain federal welfare programs.  A.R.S. § 46-407 (2005).  The legislature has provided ADES with a variety of administrative remedies to collect child support arrearages.  *See, e.g.*, A.R.S. § 25-505.01(B) (Supp. 2004) (income withholding order); A.R.S. § 25-516 (2000) (lien on property of obligor); A.R.S. § 25-521 (2000) (levy on obligor's rights to property).

¶3     The question in this case is whether ADES may pursue administrative measures to collect unpaid child support despite having failed timely to request a formal written judgment of arrearages.

## I.

¶4     In 1977, Linda Dann gave birth to a baby girl.  In 1980, Dann filed a petition in superior court to establish paternity and to require the child's father, petitioner Jack Hayden, to pay child support.  Hayden admitted paternity and the superior court ultimately ordered him to pay $150 per month in child support.  Hayden's child support obligations were assigned to the State after Dann and the child received Aid to Families with Dependent Children, and ADES subsequently initiated administrative measures to collect arrearages.

¶5     The child reached the age of majority in 1995. Neither Dann nor ADES requested a formal written judgment for

3

the outstanding support obligations within three years of the child's emancipation. In 2002, Hayden filed a petition seeking to terminate ADES's administrative collection efforts, alleging that his obligation to pay child support had expired under A.R.S. § 25-503(H).[1]

¶6     The superior court rejected Hayden's claim and entered judgment in favor of ADES. The court of appeals affirmed. *State ex rel. Dep't of Econ. Sec. v. Hayden*, 208 Ariz. 164, 168 ¶ 17, 91 P.3d 1007, 1011 (App. 2004). We granted Hayden's petition for review because the issue is one of first impression and statewide importance. This Court has jurisdiction pursuant to A.R.S. § 12-120.24 (2003) and Article 6, Section 5(3) of the Arizona Constitution.

## II.

¶7     The issue in this case is one of statutory construction: whether A.R.S. § 25-503(H) prohibits ADES from collecting the child support arrearages through administrative measures. We review questions of statutory interpretation de novo. *City of Tucson v. Clear Channel Outdoor, Inc.*, 209 Ariz. 544, 547 ¶ 8, 105 P.3d 1163, 1166 (2005). When interpreting a statute, our aim is "to fulfill the intent of the legislature

---

[1]     The relevant provision at that time was A.R.S. § 25-503(I), which has since been re-designated, without substantive change, as § 25-503(H). Similarly, former § 25-503(J) has now been renumbered as § 25-503(I). We refer to the current version of the statute in this opinion.

that wrote it." *Bilke v. State*, 206 Ariz. 462, 464 ¶ 11, 80 P.3d 269, 271 (2003). To determine that intent, we look first to the language of the statute. *Id.* We interpret statutory language to give effect to each word of the statute, such that "no clause, sentence or word is rendered superfluous, void, contradictory or insignificant." *Id.* Statutes that are in *pari materia* – relating to the same matter – are construed together as though they constituted one law. *Pima County by City of Tucson v. Maya Constr. Co.*, 158 Ariz. 151, 155, 761 P.2d 1055, 1059 (1988). In seeking to discern legislative intent, "we construe the statute as a whole, and consider its context, language, subject matter, historical background, effects and consequences, and its spirit and purpose." *People's Choice TV Corp. v. City of Tucson*, 202 Ariz. 401, 403 ¶ 7, 46 P.3d 412, 414 (2002).

**A.**

¶8        In relevant part, A.R.S. § 25-503(H) provides:

> The right of a parent entitled to receive support or the department to receive child support payments as provided in the court order vests as each installment falls due. Each vested child support installment is enforceable as a final judgment by operation of law. Unless it is reduced to a written money judgment, an unpaid child support judgment that became a judgment by operation of law expires three years after the emancipation of the last remaining unemancipated child who was included in the court order.

5

¶9        The question is whether the expiration of judgments under subsection (H) functions to cancel outstanding child support arrearages.  Hayden argues that because each child support installment becomes a final judgment by operation of law as it falls due, the expiration of the judgment therefore eliminates the debt itself.  The State counters that the vested right to receive payment does not become a final judgment but instead merely "is enforceable as a final judgment by operation of law."  Therefore, the State contends, the expiration of a judgment that arises by operation of law does not cause the underlying debt to expire.  Because the debt survives, the State argues, it may be collected through statutory non-judicial remedies even after the expiration of the judgment.

¶10       A commonsense reading of A.R.S. § 25-503(H) and related statutory provisions supports Hayden's interpretation. The statutes provide a comprehensive scheme facilitating the collection of child support installments over the life span of a child support court order.  By regulating the effect of the support order, the statutes also necessarily regulate the underlying obligation.  *See Lamb v. Superior Court*, 127 Ariz. 400, 402, 621 P.2d 906, 908 (1980) ("Since the duty to pay support does not exist unless a judgment, decree or order creates it, it follows that no duty exists if a valid order terminates the obligation.").  To be sure, § 25-503(H) does not

6

state in so many words that child support installments "become" judgments when they fall due. But the intent of the statute is clear: each unpaid child support installment is enforceable as if it were a final judgment and, unless timely reduced to a written money judgment, this temporary "operation of law" judgment "expires." Because the child support obligation is statutorily transformed into a temporary judgment, it logically follows that when the judgment expires, so does the obligation. And, once the obligation has expired, it necessarily follows that administrative collection efforts by ADES, as assignee of the obligee's rights, must also be unavailing.[2]

**B.**

¶11    The argument that the legislature intended for ADES to be cut off from both judicial and administrative remedies when

---

[2]    The State emphasizes that the statutes providing administrative remedies to collect child support arrearages do not expressly require the existence of a written money judgment. *See, e.g.*, A.R.S. § 25-505.01 (providing for income withholding orders for child support arrearages that equal or exceed two months' worth of current support obligation); A.R.S. § 25-516 (providing that child support arrearages equal to at least two months' child support constitute a lien by operation of law on all property of obligor); A.R.S. § 25-521 (providing that the department may issue a levy on all non-exempt property of obligor to collect child support arrearages equal to twelve months' support). Additionally, A.R.S. § 25-501(E) (Supp. 2004) states that "[r]emedies provided by this chapter are cumulative and do not affect the availability of remedies under other law." But the State cannot dispute that these administrative remedies depend on the existence of a child support arrearage. If the arrearage has expired by operation of law, then the administrative remedies are simply inapplicable because there is no outstanding debt upon which to collect.

it fails timely to request a written judgment for child support arrearages finds additional support in the broader statutory scheme. Section 25-503(I) provides:

> The department (ADES) or its agent or a party entitled to receive support may file a request for judgment for support arrearages not later than three years after the emancipation of all of the children who were the subject of the court order. . . . Notwithstanding any other law, formal written judgments for support and for associated costs and attorney fees are exempt from renewal and are enforceable until paid in full.

The legislature thus provided that ADES would be bound by the same time limits as a private party seeking a written money judgment for child support arrearages. Once a written judgment for arrearages is timely obtained, it remains effective "until paid in full." It would have been a largely meaningless gesture for the legislature to enact this strict time limit on ADES's ability to obtain a written money judgment if lawmakers had intended that the agency retain its administrative collection remedies in perpetuity, with or without a written judgment.[3]

¶12    In addition, § 25-503(H) describes two narrow exceptions to the requirement that a party or ADES must timely

---

[3]    The State argues that the expiration of the allotted time to procure a written judgment is not meaningless because ADES would be barred from two remedies that require a court order to implement: contempt and license suspension. But there is no evidence that the legislature intended to cut off ADES's access to only these two limited remedies for failing timely to request a written judgment of arrearages.

8

request a written judgment of arrearages to prevent support judgments that arise by operation of law from expiring.

> A request does not need to be filed within three years if: (1) The court later determines that the actions or conduct of an obligor impeded the establishment of a written money judgment . . . [or] (2) The court later finds that the obligor threatened, defrauded or wrongfully coerced the obligee into not filing a request to reduce any support arrearages to a written money judgment.

A.R.S. § 25-503(H). Neither exception applies here. Yet, ADES, in effect, argues for a third broad exception in all cases in which it seeks to collect upon the arrearage by means of administrative remedies. When the legislature has expressly defined the narrow exceptions to the requirement to timely request a written judgment for support arrearages, we cannot read into the statute the kind of a broad – and unstated – exception for which the State argues. *See State v. Huskie*, 202 Ariz. 283, 286 ¶ 10, 44 P.3d 161, 164 (App. 2002) (noting that while "we must construe [child support] statutes liberally . . . we are not permitted to re-write them") (internal citations omitted).

## C.

¶13     The State also argues that A.R.S. § 25-503(H) functions merely as a statute of limitations, placing a time limit on the availability of *judicial* remedies to collect unpaid child support. Under this view, the underlying debt remains and

9

may be pursued through non-judicial means. But this argument is undermined by the history of the statute. Before its amendment in 1999, the subsection that is now § 25-503(H) read as follows:

> The right of a parent, guardian or custodian or the department to receive child support payments as provided in the court order vests as each installment falls due. This order is continuing from the date of entry and is not barred from enforcement except as provided in subsection J of this section. Each vested child support installment is enforceable as a final judgment by operation of law.

A.R.S. § 25-503(I) (Supp. 1998). Before 1999, § 25-503(J) (now A.R.S. § 25-503(I)) provided in turn that a party or ADES "may file an action within three years after the emancipation of the youngest of all of the children who were the subject of the court order." Taken together, these previous provisions supported the interpretation that ADES urges of the current statutory scheme: the statute limited the time (within three years of emancipation of the youngest child subject to the court order) during which a party or ADES could "file an action" to judicially collect on a child support arrearage, but stated that the child support order was otherwise "not barred from enforcement" and, therefore, could arguably be collected upon through administrative remedies that did not require judicial action. *See* A.R.S. § 1-215(1) ("'Action' includes any matter or proceeding in a court, civil or criminal.").

10

¶14     But while the State's interpretation may be consistent with the pre-1999 statutory language, it cannot be reconciled with the statute's amended language.  The 1999 amendments deleted the sentence that read:  "This [child support] order is continuing from the date of entry and is not barred from enforcement except as provided in subsection J of this section," and substituted instead the current language providing that "an unpaid child support judgment that became a judgment by operation of law expires" if not timely reduced to a money judgment.  1999 Ariz. Sess. Laws, ch. 283, § 4.  At the same time, the legislature significantly amended A.R.S. § 25-503(I) (then § 25-503(J)).  That subsection had previously established a three-year post-emancipation time limit to "file an action"; as amended, it now provides the same time limit for making "a request for judgment for support arrearages."  1999 Ariz. Sess. Laws, ch. 283, § 4.  This was, of course, the same time limit imposed for the expiration of judgments mandated by the amended § 25-503(H).  These changes altered the statute from a traditional statute of limitations to one providing for the termination of child support obligations not timely reduced to a written judgment.

### D.

¶15     Other statutory history also supports the conclusion that the legislature intended that the child support obligation

11

expire in the absence of a timely request for a written judgment for arrearages. The fact sheet accompanying the bill that enacted the 1999 amendments described as a purpose of the amendments to "specif[y] that unpaid *child support obligations* that by operation of law automatically become judgments will expire within a specified period, unless a court-ordered judgment is obtained." Senate Fact Sheet for S.B. 1152, 44th Leg., 1st Reg. Sess. (1999) (emphasis added). A description of individual provisions of the bill similarly stated that the amendment language "[s]pecifies that *unpaid child support obligations* that automatically become judgments by operation of law expire three years after emancipation of all the children subject of the underlying support order, unless a court-ordered judgment is obtained." *Id*. (emphasis added). The fact sheet is thus consistent with our reading of the statutory scheme: expiration of the judgments that arise by operation of law serves to terminate the underlying obligation to pay child support arrearages that are not timely reduced to a written judgment.

**E.**

¶16    The court of appeals suggested that an interpretation of the statute that results in the cancellation of outstanding child support arrearages would be inconsistent with the public policy of this state. *Hayden*, 208 Ariz. at 167 ¶¶ 15-16, 91

12

P.3d at 1010 ("It is the public policy of this state that parents shall be responsible for the support of their dependent children in order to relieve or avoid the burden often borne by the general citizenry through public assistance programs.") (quoting A.R.S. § 46-401). If Hayden has in fact failed to pay child support, he has plainly failed to fulfill an important responsibility to both his child and the State. But neither Hayden's culpability nor a public policy favoring the payment of child support precludes the legislature from imposing time limits on the life of the temporary judgments provided for by § 25-503(H). Nor can these considerations justify ignoring specific statutory mandates enacted by the legislature.

¶17 The legislature is entitled to make the policy determination that although written judgments of support arrearages should remain enforceable until paid in full, child support obligations upon which no request has been made for a written judgment within three years of emancipation of all the supported children should expire. This policy encourages a reasonably prompt accounting of the support arrearage before relevant evidence becomes hard to obtain or unavailable. It also serves as notice to the obligor and creditors of the obligor of the amount of the outstanding debt. Arguments as to the wisdom of this policy are appropriately directed to the legislature, not to the courts.

13

¶18    The opinion below also cites case law from other jurisdictions in support of its conclusion that the time limits imposed by A.R.S. § 25-503 cut off only judicial – not administrative – remedies to collect support arrearages. *See, e.g., Bednarek v. Bednarek*, 430 N.W.2d 9, 12 (Minn. App. 1988) ("We hold the ten-year statute of limitations barring court actions on judgments does not apply to bar the administrative remedy of intercepting an obligor's tax refund to satisfy [child support] arrearages previously validly established."); *Guthmiller v. N.D. Dep't of Human Servs.*, 421 N.W.2d 469, 471 (N.D. 1988) ("Attempted collection of child support arrearages through the tax intercept procedures is not an ordinary proceeding in a court of justice, but rather is in the form of an administrative proceeding conducted before the agency. Therefore, the statute of limitations . . . does not apply to the tax intercept procedure.") (internal quotation marks omitted).  This case law is not persuasive, however, because it merely interprets the effect of statutes of limitations on the availability of non-judicial remedies.  No case cited by the court of appeals considers the effect of a provision such as A.R.S. § 25-503(H), which does not merely limit the time for bringing a court action to enforce a support arrearage, but rather cancels the outstanding support obligation altogether.

**III.**

¶**19**    For the foregoing reasons, we vacate the opinion of the court of appeals and remand to the superior court for further proceedings consistent with this opinion.

_____
Andrew D. Hurwitz, Justice

CONCURRING:

_____
Ruth V. McGregor, Chief Justice

_____
Rebecca White Berch, Vice Chief Justice

_____
Michael D. Ryan, Justice

_____
Charles E. Jones, Justice (Retired)