NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

———————————————

ERIC JIMENEZ, *Plaintiff/Appellant,*

*v.*

STATE OF ARIZONA ex rel. DEPARTMENT OF ECONOMIC SECURITY,
Division of Child Support Enforcement, *Defendant/Appellee.*

No. 1 CA-CV 13-0362
FILED 03/25/2014

———————————————

Appeal from the Superior Court in Maricopa County
No. DR1999-095658, LC2013-000122-001
The Honorable Benjamin R. Norris, Judge

**AFFIRMED**

———————————————

COUNSEL

Erik Jimenez, St. Johns
*Plaintiff/Appellant*


Arizona Attorney General's Office, Mesa
By Nicholas Chapman-Hushek
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Peter B. Swann and Judge Jon W. Thompson joined.

---

**G O U L D**, Judge:

¶1        Eric Jimenez appeals the family court's dismissal of his complaint for failure to state a claim upon which relief can be granted. For the reasons outlined below, we affirm.

**Facts and Procedural History**

¶2        Eric Jimenez and Jane Peterssen[1] married in 1996 and had two children during their marriage. In 1999, Peterssen filed a petition for divorce. In 2000, the court issued a decree of dissolution of marriage and a child support order, granting Peterssen sole custody of the children, and ordering Jimenez to pay $754.42 per month in child support.

¶3        The Arizona Department of Economic Security ("ADES") intervened in the case in December 2010 pursuant to Arizona Revised Statute ("A.R.S."), section 25-509. That same month, ADES filed a petition to modify Jimenez's child support payments on the grounds Jimenez was in prison and lacked an identifiable source of income. As a result, ADES requested the court to adjust Jimenez's current child support and monthly arrears payments to $0.

¶4        The court granted ADES' petition. In its modification order, the court stated that "[a]rrears exist but because [Jimenez] is incarcerated and no income source has been identified no payment on arrears will be added at this time."

¶5        After the court issued its modification order, ADES discovered that Jimenez had been paid wages while he was in prison, and that these wages had been deposited into his inmate trust accounts. ADES attempted to collect Jimenez's arrears, which totaled $158,701.36, by

---

[1]      Jane Peterssen's name during these proceedings was originally Jane Jimenez; she changed her last name to Peterssen in 2000.

issuing a limited income withholding order to the prison. As a result, the prison withheld $3,358.00 from Jimenez's inmate accounts.

¶6        Jimenez challenged the withholding order by filing a request for administrative review with ADES pursuant to A.R.S. § 25-522(A). ADES denied Jimenez's appeal and affirmed its withholding order. Jimenez subsequently filed a complaint for administrative review in superior court pursuant to A.R.S. §§ 25-522(F) and 12-910. ADES moved to dismiss Jimenez's complaint, claiming Jimenez failed to state a claim upon which relief could be granted. The superior court granted ADES' motion and dismissed Jimenez's complaint. Jimenez timely appeals.

**Standard of Review**

¶7        We review de novo the granting of an order to dismiss for failure to state a claim upon which relief can be granted. *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 8, 284 P.3d 863, 866 (2012). When reviewing the grant of a motion to dismiss, we must "assume the truth of the well-pled factual allegations and indulge all reasonable inferences therefrom" in favor of the nonmoving party. *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7, 189 P.3d 344, 346 (2008). We review issues involving statutory interpretation de novo. *Lear v. Fields*, 226 Ariz. 226, 232, ¶ 15, 245 P.3d 911, 917 (App. 2011). *See Mead v. Holzmann*, 198 Ariz. 219, 220, ¶ 4, 8 P.3d 407, 408 (App. 2000) (interpretation of Arizona Child Support Guidelines is a question of law the appellate court reviews de novo).

**Modification Order**

¶8        Jimenez asserts the modification order precluded ADES from attempting to collect any child support arrears while he was in prison. We disagree. The modification order relates to the payment of current child support and monthly arrears payments while Jimenez is incarcerated, and is premised on the determination that, at the time the order was issued, Jimenez had no identifiable source of income. The modification order does not preclude ADES from collecting arrears if, at some point, it identifies a source of income for Jimenez. That is precisely what happened here. After the modification order was issued, ADES discovered Jimenez's inmate accounts, and collected a portion of the arrearages he owed from these accounts.[2]

---

[2]        ADES was not required to return to the family court to obtain a limited income withholding order for Jimenez's inmate accounts.

**Exemptions**

**¶9**        Jimenez also argues that his prison accounts were exempt from ADES' withholding order. According to Jimenez, because his income in prison did not exceed $775.00 per month, his earnings should have been exempt from ADES' withholding order under the "Self Support Reserve Test" set forth in the Arizona Child Support Guidelines. A.R.S. § 25-320, Appendix, Arizona Child Support Guidelines, ¶ 15 ("In each case, after determining the child support order, the [family court] shall perform a Self Support Reserve Test to verify that the noncustodial parent is financially able both to pay the child support order and to maintain at least a minimum standard of living.") (2010).[3]

**¶10**        Jimenez confuses the "limited income withholding order" issued by ADES in this case pursuant to A.R.S. § 25-505 with an "income withholding order" issued pursuant to A.R.S. § 25-505.01. A limited income withholding order under A.R.S. § 25-505 collects a "lump sum payment" for child support, while an income withholding order under A.R.S. § 25-505.01 withholds, on a regular and continuing basis, current child support and monthly arrearage payments from any form of periodic income, such as wages or a salary. A.R.S. § 25-505(A) (limited income withholding orders); A.R.S. §§ 25-505.01(A), (B) (income withholding orders). The Self Support Reserve Test applies only to current, monthly child support payments, and does not apply to lump sum payments under A.R.S. § 25-505. A.R.S. § 25-320, Child Support Guidelines, ¶ 15 ("The [self support reserve] test applies only to the current child support obligation, but does not prohibit an additional amount to be ordered to reduce an obligor's arrears.") *Cf. Hanley v. Industrial Com'n of Arizona*, 200 Ariz. 32, 35-37, ¶¶ 18, 28, 21 P.3d 850, 853-55 (App. 2001) (holding that an incarcerated father's monthly worker's compensation benefits were not subject to 50% exemption under A.R.S. § 33-113(C) because the statute

---

Pursuant to A.R.S. § 25-505, ADES was authorized to administratively issue a limited income withholding order. *See State ex. Rel. Dep't of Econ. Sec. v. Hayden*, 210 Ariz. 522, 523, ¶ 2, 115 P.3d 116, 117 (2005) (explaining that the legislature provided ADES with "a variety of administrative remedies to collect child support arrearages," including income withholding orders).

[3]      Effective June 1, 2011, the amount of the self support reserve test increased from $775/month to $903/month. A.R.S. § 25-320, Appendix, Arizona Child Support Guidelines, ¶ 15 (2011).

"seems intended to preserve some income for a 'debtor' needing such income for self-maintenance, which is not [an inmate's] situation.").[4]

¶11 Accordingly, we conclude that, as a matter of law, Jimenez's prison accounts were not exempt from ADES' limited income withholding order under the Self Support Reserve Test.

¶12 Finally, Jimenez asserts that ADES' withholding order has caused him to suffer "substantial financial hardship due to his poverty and lack of earning capacity." This argument is presented for the first time on appeal, and we do not, as a general matter, consider issues unless they were raised in the trial court. *Englert v. Carondelet Health Network*, 199 Ariz. 21, 26, ¶ 13, 13 P.3d 763, 768-69 (App. 2000). Furthermore, Jimenez has not alleged any facts or evidence in support of this argument and, therefore, he has failed to allege a cognizable claim. *Cullen*, 218 Ariz. at 420, ¶ 14, 189 P.3d at 347 (holding that in reviewing the sufficiency of a complaint, a court may not accept as true unsupported conclusions or "speculate about hypothetical facts that might entitle the plaintiff to relief.") (internal citations omitted).

---

[4] Jimenez alleged in his complaint that some of the money collected from his account was exempt under A.R.S. § 33-1131(C). Jimenez does not, however, raise that claim on appeal and therefore has waived it. ARCAP 13(a)(6); *DeElena v. S. Pac. Co.*, 121 Ariz. 563, 572, 592 P.2d 759, 768 (1979) (issues not argued on appeal deemed abandoned). Moreover, even if this claim was properly brought before us, we would still conclude that it was properly dismissed based on our decision in *Hanley. See supra*, ¶ 10.

## Conclusion

**¶13** For the reasons discussed above, we affirm the family court's judgment dismissing Jimenez's complaint.



Ruth A. Willingham · Clerk of the Court
FILED: gsh